**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Headcovers Unlimited, Inc. | § | |
| | § | |
| Plaintiff | § | Civil Action No. _____ |
| | § | |
| v. | § | |
| | § | |
| | § | |
| ACS Products, Inc. d/b/a TLC | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
APPLICATION FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff Headcovers Unlimited, Inc. (hereinafter, "Plaintiff"), by and through its undersigned counsel, for its Original Complaint and Application for Preliminary Injunctive Relief against Defendant ACS Products, Inc., d/b/a TLC, (hereinafter, "Defendant") respectfully states as follows:

**I.
PARTIES**

1.      Plaintiff is a corporation organized and existing under the State of Texas, with its principal place of business at 214 S. Iowa Avenue, League City, TX 77573.

2.      On information and belief, Defendant is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 205 Williams Street, Atlanta, Georgia, 30303.  On information and belief, Defendant sells and offers for sale hats, wigs and turbans for individuals with hair loss via the Internet (www.tlcdirect.org) throughout the United States, including with the Southern District of Texas.

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 1 of 22

3.      Defendant is an affiliate of the American Cancer Society.

## II.
## CAUSES OF ACTION

4.      This is an action for copyright infringement and unfair competition arising under the laws of the United States, 17 U.S.C. § 101, et seq., particularly 17 U.S.C. §§ 501-508.  This is also an action for trademark dilution and infringement, as well as false designation of origin and unfair competition in violation of Sections 43(c), 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), the Texas Anti-Dilution Statute, Tex. Bus. & Com. Code § 16.103; and Texas common law.

## III.
## JURISDICTION AND VENUE

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6.      Defendant is subject to personal jurisdiction by virtue of its contacts with the State of Texas, and with the Southern District of Texas in particular, by way of voluntarily doing business in this district.

7.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400.  Jurisdiction in this case is not based solely on diversity of citizenship, and, because, as a foreign corporation doing business in Texas, or having continuous and systematic business contacts with Texas, Defendant is subject to personal jurisdiction in Texas under 28 U.S.C. § 1391(c), and the United States District Court, Southern District of Texas is a judicial district where any defendant can be found for purposes of 28 U.S.C. § 1391(b).  A substantial part of Defendant's acts and the events giving rise to this action occurred in this District.  Defendants have committed acts of direct and indirect infringement in the Southern District of Texas, have

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 2 of 22

transacted business in the Southern District of Texas, and have established minimum contacts with the Southern District of Texas.

## IV.
## INTRODUCTION AND BACKGROUND OF FACTS

8.      Plaintiff is engaged in the business, *inter alia*, of designing, manufacturing, and selling products for individuals experiencing hair loss, particularly, individuals receiving treatment for cancer.

9.      Plaintiff began in 1994, and was the first online store specializing in hats, wigs and turbans for individuals with hair loss.

10.     Plaintiff designs, manufactures, imports and sells its head covers and related products via the Internet (www.headcovers.com) internationally and throughout the United States.

11.     Plaintiff is a small, family owned and operated business.  Mrs. Danielle Yates is currently the owner and President, and Mr. Keith Yates is the Vice President.

12.     Plaintiff was founded in 1994 by Carol Galland, Danielle Yates' mother.  In November 1989, Ms. Galland was diagnosed with Stage II breast cancer.  She was only 40 years old. As a side effect of the chemotherapy treatments given to battle her cancer, she experienced total hair loss.  Coping was a challenge. As a professional hairstylist, she thought she would be able to use her professional resources to find attractive head coverings, but at the time, none were available. She made it through hair loss with one itchy wig, and one basic surgical cap to cover her head at night.  It was a demoralizing experience for her, and she vowed that if she survived, she would change this situation for other cancer patients.

13.     About five years later, in 1994, Ms. Galland's cancer went into remission.  She and her daughter, Danielle Yates, then founded Headcovers Unlimited to provide cancer patients with the

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 3 of 22

very products that Ms. Galland had needed so much during her treatments.   Although Headcovers began as a service to cancer patients, Headcovers soon realized that there were others that were not being served.   Their customers began to include those with alopecia, trichotillomania, lupus, burns and hair loss due to a number of medical conditions and treatments.   Headcovers has and continues to expand its product line based on the needs and requests of its customers.   Its original product line included wigs, hats and turbans, and has expanded to include eyelashes, eyebrows, scarves and cosmetics.

14.     For 20 years, Ms. Galland successfully battled her breast cancer.   During that time, Ms. Galland served as a volunteer for the American Cancer Society's "Look Good, Feel Better" program, helping others cope with their new, unique appearances due to their own battles with cancer.   Sadly, in 2009, Ms. Galland lost her battle with her cancer and passed away.   Her daughter Danielle Yates and Danielle's husband Keith Yates continue to operate Headcovers Unlimited, Inc., emulating the same spirit and heart for serving others that Ms. Galland exemplified.

15.     In 2015, Danielle Yates created a print, titled and known as the "Moon and Stars Print", with the assistance of a designer named Elizabeth Anderson, a citizen of the United Kingdom.

16.     Elizabeth Anderson transferred any and all rights in and to the design of the Moon and Stars Print to Danielle Yates by written agreement in May 2015.

17.     The Moon and Stars Print is copyrightable subject matter under the laws of the United States.

18.     The Moon and Stars Print was first published on January 13, 2016, and effectively registered on August 31, 2016.   The registration of the Moon and Stars Print, Registration Number VA2-029-343 (hereinafter the "Registered Work") was duly and legally issued by the

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 4 of 22

U.S. Copyright Office to Danielle Yates.   A true and correct copy of the Certificate of Registration and the corresponding Moon and Stars Print is attached hereto as Exhibit A.

**V.**
**COUNT 1**
**<u>COPYRIGHT INFRINGEMENT</u>**

19.     Paragraphs 1 through 18 are incorporated herein as though set forth in their entirety.

20.     Defendant is using, selling, and offering for sale Plaintiff's Registered Work in their catalog and on their website (www.tlcdirect.org) in connection with two products, the "Moon and Stars Turban" and the "Bamboo Moon & Stars Cool Comfort Sleep Cap" (hereinafter the "First Infringing Products").   These First Infringing Products are not only substantially similar to Plaintiff's product embodying the Registered Work, but strikingly similar to Plaintiff's product and Registered Work.   A side-by-side comparison of Plaintiff's Registered Work (left) and Defendant's Infringing Products (right) follows below:




Plaintiff's Registered Work          Defendant's First Infringing Product in blue

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 5 of 22




Plaintiff's Registered Work        Defendant's First Infringing Product in pink

21.     Defendant does not have a license, authorization, permission, or consent to use Plaintiff's Registered Work.

22.     On March 24, 2017, Plaintiff provided written notice to Defendant placing Defendant on notice that Defendant's use of the Registered Work on their Infringing Products constituted infringement of Plaintiff's rights to the Registered Work and demanded that Defendant immediately cease and desist selling and offering for sale the Infringing Products.  A true and correct copy of the First Cease and Desist Letter is attached hereto as Exhibit B.

23.     In 2016, Danielle Yates created a second print, titled and known as the "Floral Print".

24.     The Floral Print is copyrightable subject matter under the laws of the United States.

25.     The Floral Print was first published on April 29, 2016, and offered for sale on Plaintiff's "Cardani Bamboo Tranquility Cap".

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 6 of 22

26.     On May 8, 2017, Plaintiff successfully filed a complete application for registration of the Floral Print design, which has been assigned a case number 1-5081323081 (the "Applied-for Work").

27.     On information and belief, Defendant has been selling and offering for sale its "Bamboo Cool Comfort Cap" (hereinafter "Second Infringing Product") featuring an embroidered floral print that is not only substantially similar to Plaintiff's "Applied-for Work" used on Plaintiff's "Cardani Bamboo Tranquility Cap", but strikingly similar thereto.

28.     A side-by-side comparison showing Plaintiff's Applied-For Work (left) and Defendant's Second Infringing Product (right) is shown below:

 

29.     Defendant does not have a license, authorization, permission, or consent to use Plaintiff's Applied-For Work.

30.     Defendant exhibits a long history of copying Plaintiff's designs and original products. Defendant's website shows at least ten other products for sale that are not only substantially

similar, but strikingly similar to Plaintiff's products.  On information and belief, Defendant has been unfairly profiting from the unauthorized sales of these products.

31.     A side-by-side comparison of Plaintiff's "Slip On Slinky Headwrap Pre-Tied Head Scarf" (left) and Defendant's similar, if not identical, "Jersey Knit Geo Pre-Tied Scarf" (right) is shown below:

 

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 8 of 22

32.     A side-by-side comparison of Plaintiff's "Meridian Beanie Cap" (left) and Defendant's

similar, if not identical, "Bamboo Cool Comfort Pleated Turban" (right) is shown below:







*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 9 of 22

33.     A side-by-side comparison of Plaintiff's "Florette Newsboy Hat in Luxury Bamboo" (left) and Defendant's similar, if not identical, "Bamboo Pleated Floral Newsboy" (right) is shown below:

 

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 10 of 22

34.     A side-by-side comparison of Plaintiff's "Bamboo Synergy Cap" (left) and Defendant's similar, if not identical, "Bamboo Cool Comfort Seamless 3 Button Turban" (right) is shown below:




*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 11 of 22

35.    A side-by-side comparison of Plaintiff's "Chapeau Turban" (left) and Defendant's similar, if not identical, "Cotton Shirred Cuff Hat" (right) is shown below:

 

36.    A side-by-side comparison of Plaintiff's "Gathered Cotton Sophia Turbans" (left) and Defendant's similar, if not identical, "Pleated Turban" (right) is shown below:

 

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 12 of 22

37.    A side-by-side comparison of Plaintiff's "Plaintiff's Trinity Turbans – 3 Way Headcovering" (left) and Defendant's similar, if not identical, "Bamboo Cool Comfort 3-Way Turban" (right) is shown below:

 

 

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 13 of 22

38.     A side-by-side comparison of Plaintiff's "Brooke Scarf" (left) and Defendant's similar, if not identical, "Plaid Scarf with Soft Brim" (right) is shown below:

 

39.     A side-by-side comparison of Plaintiff's "Deluxe Headwear Jewelry" (left) and Defendant's similar, if not identical, "Jeweled Headwrap" (right) is shown below:

 

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 14 of 22

40.     On April 20, 2017, Plaintiff provided a second written notice to Defendant informing Defendant of the above substantially and strikingly similar products and demanded that Defendant immediately cease and desist selling and offering for sale the above mentioned products.  A true and correct copy of the Second Cease and Desist Letter is attached hereto as Exhibit C.

41.     Defendant continues to sell and offer for sale its infringing products via its website.  This continued pattern, over many years, of copying Plaintiff's designs and original products is evidence that Defendant's infringement is willful and deliberate, entitling Plaintiff to increased damages under 17 U.S.C. § 504 and to attorneys' fees and costs incurred in prosecuting this action under 17 U.S.C. § 505.

42.     Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial and irreparable harm.

43.     Defendant will continue to infringe Plaintiff's Registered and Applied-for Works unless enjoined by this Court.

## VI.
## COUNT 2
## UNFAIR COMPETITION

44.     Paragraphs 1 through 43 are incorporated herein as though set forth in their entirety.

45.     This action for unfair competition is a substantial and related claim to Defendant's infringement of Plaintiff's copyrights and pursuant to § 1138(b) of Title 28 of the United States Code, the court has and should assume pendent jurisdiction of this claim.

46.     Defendant, is unlawfully and willfully copying Plaintiff's "Moon and Stars Sleep Cap" and "Cardani Bamboo Tranquility Cap" and placing the design of the  "Moon and Stars Print" and "Floral Print", respectively,  on Defendant's "Bamboo Moon & Stars Cool Comfort Sleep

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 15 of 22

Cap" and "Bamboo Cool Comfort Cap", respectively, created a likelihood of confusion among

the public as to the original source of Plaintiff's Moon and Stars Sleep Cap and Cardani Bamboo

Tranquility Cap, and have contributed to the dilution of the distinctive quality of Plaintiff's work

in the marketplace.

**VII.**
**COUNT 3**
**FEDERAL TRADEMARK INFRINGMENT**
**REGISTRATION NO. 5,019,420**

47.  Paragraphs 1 through 46 are incorporated herein as though set forth in their entirety.

48.  Plaintiff is the registrant and owner of the registered trademark HEADCOVERS, United

States Trademark Registration No. 5,019,420, registered August 9, 2016, for headwear in Class

022 and 039.  A true and correct copy of the U.S. Trademark Registration No. 5,019,420 is

attached hereto as Exhibit D and is incorporated herein.  This registration is valid, subsisting,

uncancelled, and unrevoked.

49.  Plaintiff has spent substantial sums of money to widely and extensively advertise and

promote the goods and services it offers and sells under the mark HEADCOVERS.  As a result,

the mark HEADCOVERS has acquired a highly favorable reputation among the members of the

purchasing public and has become a valuable symbol of Plaintiff's goodwill.

50.  Plaintiff has established valuable goodwill in the mark HEADCOVERS, and the relevant public

has come to recognize the mark HEADCOVERS as an indication of products and services that emanate

from the Plaintiff.

51.  Defendant markets and advertises the sale of HEADCOVERS in connection with headwear on its

website and paper catalogs.

52.  Defendant's use of the mark HEADCOVERS is likely to be confusing to a substantial number of

actual and potential customers, and is likely to cause them to be deceived and to assume erroneously that

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 16 of 22

Defendant's goods are in some way connected with, sponsored by, or affiliated with Plaintiff's, all to Plaintiff's detriment.

53.     Defendant's use of Plaintiff's mark HEADCOVERS was and is without the authority or approval of Plaintiff.

54.     Such unauthorized acts and conduct constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55.     Defendant has acted, and continues to act, without regard to Plaintiff's intellectual property rights.

56.     Defendant's unauthorized use of Plaintiff's mark HEADCOVERS has injured Plaintiff's interests and will continue to do so unless immediately enjoined.

57.     Upon information and belief, Defendant will continue unlawfully to use Plaintiff's mark HEADCOVERS to promote and sell its headwear goods unless enjoined by this Court.  Plaintiff has no adequate remedy at law and injunctive relief is therefore appropriate and warranted.

## VIII.
### COUNT IV
### FALSE DESIGNATION OF ORIGIN

58.     Paragraphs 1 through 57 are incorporated herein as though set forth in their entirety.

59.     Upon information and belief, Defendant is using Plaintiff's mark HEADCOVERS in connection with headwear products.  Said use of Defendant's mark is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

60.     This conduct is actionable under 15 U.S.C. § 1125(a).

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 17 of 22

61.     Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury, and other damage to Plaintiffs' business, reputation, and goodwill in the mark HEADCOVERS.

# IX.
## COUNT V
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER TEXAS LAW

62.     Paragraphs 1 through 61 are incorporated herein as though set forth in their entirety.

63.     Defendant's acts constitute infringement and unfair competition under Tex. Bus. & Com. Code Ann. § 16.26 as well as Texas common law.  As a result of Defendant's infringement and unfair competition, Plaintiffs suffered and will continue to suffer irreparable injury and damage in an amount yet to be determined.

64.     Upon information and belief, the acts of infringement by Defendant resulted in substantial unjust profits and unjust enrichment to Defendant in an amount yet to be determined and harmed Plaintiffs.

# X.
## COUNT VI
## TRADEMARK DILUTION UNDER TEXAS LAW

65.     Paragraphs 1 through 64 are incorporated herein as though set forth in their entirety.

66.     Defendant's actions constitute dilution of Plaintiffs' mark HEADCOVERS arising under Texas' anti-dilution statute, Tex. Bus. & Com. Code § 16.103.

67.     As a direct and proximate result of Defendant's trademark dilution, Plaintiff has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 18 of 22

## XI.
## DAMAGES AND ATTORNEY'S FEES

68.     Plaintiff realleges and incorporates by reference for all purposes the preceding paragraphs 1-67 of this Complaint as if fully set forth herein.

69.     Plaintiff is entitled to full statutory damages to the sum of $150,000.00, per infringement, for the willful infringement of Plaintiff's copyrights.   Plaintiff's damages are currently unliquidated and continuing.   Plaintiff also seeks the recovery of its reasonable and necessary attorneys' fees, costs, and all pre-and post-judgment interest as allowed by law.

## XII.
## JURY DEMAND

70.     Plaintiff hereby demands trial by jury.

## XIII.
## PRAYER FOR RELIEF

71.     For the foregoing reasons, Plaintiff prays for judgment and seeks relief against Defendant as follows:

(a)     That a preliminary and permanent injunction issue restraining Defendant, its agents, servants, employees, successors, and assigns and all others in concert and privity with them from using the mark HEADCOVERS or any other mark confusingly similar to the mark HEADCOVERS in connection with the offering of headwear products, from infringement of the mark HEADCOVERS, from unfairly competing with Plaintiff, and from injuring Plaintiff's business reputation by diluting or otherwise blurring its trademark rights, pursuant to 15 U.S.C. §§ 1116 and 1125(c)(1);

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 19 of 22

(b)     That a preliminary and permanent injunction issue restraining Defendant, its agents, servants, employees, successors, and assigns and all others in concert and privity with them from using the mark HEADCOVERS in connection with the offering of investment services, from infringement of the mark HEADCOVERS, from unfairly competing with Plaintiff, and from injuring Plaintiff's business reputation by diluting or otherwise blurring its trademark rights, pursuant to Tex. Bus. & Com. Code Ann. § 16.29, which vests this Court with the power to enjoin any act likely to injure the business reputation or to dilute the distinctive quality of a mark registered under Title 15 of the United States Code or a mark qualifying for common law protection, regardless of whether there is competition between the parties or actual confusion as to the source of goods or services;

(c)     That Defendant be directed, at its own expense, to recall all of the marketing, promotional and advertising materials and edit any websites that bear or incorporate any mark or design featuring the HEADCOVERS name or any mark confusingly similar thereto;

(d)     That Defendant be required to account to Plaintiffs for Defendant's profits and the actual damages suffered by Plaintiffs as a result of Defendant's acts of infringement, false designation of origin, and unfair competition, together with interest, and that Plaintiffs' recovery be trebled, pursuant to 15 U.S.C. § 1117, §38.001 et seq. of the Texas Civil Practices & Remedies code, and common law of the State of Texas.

(e)     That Plaintiff be awarded prejudgment interest in accordance with §35 of the Lanham Act, 15 U.S.C. §1117.

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 20 of 22

(f) That Plaintiff be awarded punitive damages for common law unfair competition.

(g) That Defendant be compelled to pay Plaintiff's reasonable and necessary attorneys' fees, together with costs and disbursements incurred in this suit as authorized under 15 U.S.C. §1117 and §38.001 et seq. of the Texas Civil Practices & Remedies Code., and other applicable law.

(h) Judgment that the Registered Copyright of the Moon and Stars Print is valid and enforceable;

(i) Judgment that the above copyrights have been and continues to be infringed by Defendant;

(j) Judgment that Defendant's infringements have been and continues to be willful;

(k) Requiring Defendant to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which it has complied with the permanent injunction;

(l) Requiring Defendant to surrender for destruction all products and other materials constituting infringement of Plaintiff's designation of origin;

(m) Awarding Plaintiff damages adequate to compensate Plaintiff for the infringements by Defendant, including supplemental damages for any continuing post-verdict infringements up until entry of the final judgment with an accounting as needed;

(n) Requiring Defendant to pay to Plaintiff such actual damages as they have sustained as a result of Defendant's infringements pursuant to 17 U.S.C. § 504(b);

*Original Complaint and Application for Preliminary Injunctive Relief*
*Headcovers Unlimited, Inc., Plaintiff vs. ACS Products, Inc., Defendant*
U.S. District Court, Southern District of Texas, Houston Division

Page 21 of 22

(o)     Awarding the full statutory damages allowed due to Defendant's willful infringements, pursuant to 17 U.S.C. § 504(c), as well as any additional damages thereunder, deemed appropriate by the Court;

(p)     Declaring this case exceptional pursuant to 17 U.S.C. §§ 504 and 505, and awarding Plaintiff an increase in the award of statutory damages and attorneys' fees;

(q)     An award of all interest and costs; and

(r)     An award of such other and further relief as the Court may deem just and proper.


DATED: May 10, 2017                    Respectfully submitted,

                                       EDMONDS & CMAIDALKA, P.C.

                                       _/s/ Robb D. Edmonds_
                                       Robb D. Edmonds (Attorney-in-Charge)
                                       Texas Bar No. 24029530
                                       S.D.TX Admission No. 675600
                                       EDMONDS & CMAIDALKA, P.C.
                                       2625 Bay Area Blvd., Suite 530
                                       Houston, Texas 77058
                                       Telephone: 281-480-2700 EXT. 101
                                       Facsimile:  281-480-2701
                                       redmonds@edmondsiplaw.com


                                       *Attorneys for Plaintiff,*
                                       *Headcovers Unlimited, Inc.*